I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF RECORD, IN THIS ACTION, ON THIS DATE.

DATED: JAN - 5 1999

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
JAN - 4 1999
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
JAN - 5 1999
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AUDIO DIGITALIMAGING, INC., an Illinois corporation; ADI TECHNOLOGIES, INC., a business entity -- form unknown; JEAN MONROE, an individual,<br><br>　　　　　Defendants. | Case No. CV 98-9704 DDP (AJWx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER** |

　　The plaintiff, Cadence Design System, has brought a motion for a temporary restraining order to prevent the defendant from "using, disclosing, selling, transferring, leasing, licensing or copying, for any purpose whatsoever, Plaintiff's MPEG-related intellectual property" and for an immediate return of all such property.

　　In the Ninth Circuit, to prevail on a claim for misappropriation of trade secrets, the plaintiff "'must identify the trade secrets and carry the burden of showing they exist.' The plaintiff 'should describe the subject matter of the trade

1  secret with <u>sufficient particularity</u> to separate it from matters of
2  general knowledge in the trade or of special knowledge of those
3  persons . . . skilled in the trade.'" <u>Imax Corp. V. Cinema</u>
4  <u>Technologies, Inc.</u>, 152 F.3d 1161, 1164-65 (9th Cir. 1998)
5  (emphasis in original and internal citations omitted).

6      Here, the plaintiff makes general references to MPEG
7  technologies that it has provided to the defendant in connection
8  with the Apogee D2 project.  The plaintiff, however, does not state
9  what specific technology it turned over or how this technology is
10 different from that generally known by those knowledgeable in the
11 field.  Additionally, the defendant denies that any such technology
12 was transferred by the plaintiff to the defendant in connection
13 with this project.  This being so, the Court is unable to say that
14 the plaintiff has identified the existence or nature of its trade
15 secrets with sufficient particularity to justify the issuance of a
16 temporary restraining order.

17     Therefore, the Court DENIES the plaintiff's motion for a
18 temporary restraining order.  However, the plaintiff may bring a
19 noticed motion for preliminary injunction if it chooses to do so at
20 a later time.

22     IT IS SO ORDERED.

25 Dated: <u>December 31, 1998</u>

                                              DEAN D. PREGERSON
                                              United States District Judge