UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AUDIO DIGITALIMAGING, INC., et al., <br><br> Defendants. | Case No. CV 98-9704 DDP (AJWx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND FOR A STAY IN THE PROCEEDINGS** |

The defendants' motion to compel arbitration and for a stay in the proceedings came before the Court on January 25, 1999. After reviewing and considering the materials submitted by the parties and hearing oral argument, the Court grants the defendants' motion.

**BACKGROUND**

Defendant Audio Digitalimaging Inc. ("ADI") entered into a series of agreements whereby the plaintiff Cadence Design Systems, Inc. ("Cadence") would assist in the design and production of a computer chip using the MPEG standard. Each of these agreements included confidentiality and arbitration provisions.

The plaintiff alleges that ADI breached these contracts by failing to make payments when due. The defendants argue that the plaintiff violated the agreements by failing to produce a working product. Furthermore, the defendants argue that the plaintiff needed to bring a binding arbitration rather than file the current action.

Accordingly, the defendants have filed a motion to compel arbitration and for a stay in the proceedings. In the alternative, the defendants ask that the Court strike certain portions of the complaint which the defendants claim violate the pleading requirements under the Federal Rules of Civil Procedure.

## DISCUSSION

### I. ADI'S MOTION TO COMPEL ARBITRATION

Both parties agree that the pertinent contract for the purposes of this motion is the Second Professional Service Agreement ("PSA") entered into on July 2, 1997. The PSA contains two provisions that are relevant to this motion: section 12 which states the governing law and section 13 which discusses dispute resolution.

Section 12 of the PSA states, "This Agreement will be governed by the procedural and substantive laws of the State of California, without giving effect to its conflicts of laws principles." (Compl. Ex. D. § 12.) This section concludes by noting that the agreement is to be read only in English and that the United Nations Convention on Contracts for the International Sale of Goods does not apply.

Section 13 of the PSA defines the procedures which the parties are to follow "to resolve any dispute in connection with this

2

Agreement." (Id. § 13.1.) First, the parties are to try to resolve the dispute informally. (Id.) If informal dispute resolution fails, the Agreement then states:

> In the event the parties are unable to resolve the dispute within thirty (30) days after the first meeting of the management representatives . . . then upon written request by either party the dispute shall be resolved by binding arbitration under the terms of this section. . . . The decision of the arbitrators shall be binding upon the parties, and judgment in accordance with that decision may be entered in any court having jurisdiction thereof.

(Id. § 13.2.) Finally, the Agreement states that:

> Nothing in this Section 13 shall restrict the right of either party to apply to a court of competent jurisdiction for injunctive relief or damages at any time. However, the right of either party to file a lawsuit does not abrogate each party's obligations under Section 13.1.

(Id. § 13.3.)

The parties interpret these provisions differently. The plaintiff argues that although section 13 does call for arbitration, it also allows for either party to file a lawsuit under section 13.3 at any time. Therefore, the plaintiff argues that arbitration is not the exclusive remedy under the contract. The defendants argue that these provisions mandate binding arbitration for any dispute in connection with this contract. Further, the defendants argue that section 13.3 only applies to preserve the rights of the parties to bring suit for matters not in connection with this agreement.

In the Court's opinion, neither of the parties correctly interpret these provisions of the contract. California law requires that a court must construe the whole of a contract "so as to give effect to every part" (Cal. Civ. Code § 1641) and that "where there are several provisions or particulars, such a

3

construction is, if possible, to be adopted as will give effect to all." Cal. Code Civ. P. § 1858. Accepting the plaintiff's argument would essentially invalidate section 13.2 while accepting the defendants' argument would essentially invalidate section 13.3.

Here, the contract contains provisions which seem to be mutually exclusive. Section 13.2 states that either party has the right to request binding arbitration if informal dispute resolution procedures are unsuccessful. Section 13.3 states that nothing in section 13 will limit a party's right to bring a lawsuit for injunctive relief or damages. However, section 13.3 also states that it does not relieve obligations under section 13.1. Therefore, even if a party chooses to file a lawsuit that party must still comply with the informal dispute resolution process. Once that informal process is concluded unsuccessfully, the other party has the right, but not the obligation, to request that the parties enter into binding arbitration. It appears that the contract at that point gives the parties the option of either agreeing to go to litigation or requesting that they enter a binding arbitration.

Therefore, taking the contract as a whole, it appears that the intent of the parties was to have all disputes in connection with this agreement decided by binding arbitration unless both parties choose litigation as an alternative.[1]

This interpretation gives effect to each of the terms in the contract. It preserves the binding arbitration agreement while

---

[1] Here, the Court equates the defendants' filing of a motion to compel arbitration with a written request for arbitration under section 13.2.

4

giving the parties the option to opt out of that agreement if they both decide to litigate disputes in connection with the agreement. Of course, the contract does not demonstrate any intent on the part of the parties to arbitrate disputes which are not in connection with the contract and the parties remain free to litigate those matters in the absence of an agreement otherwise.

In the Ninth Circuit, once a court has determined that the parties intended to arbitrate disputes then the scope of that arbitration agreement is the subject of federal rather than state law, even if there is a choice of law provision choosing state law within the contract. Tracer Research v. National Envtl. Servs. Co., 42 F.3d 1292, 1294 (9th Cir. 1994). Additionally, there is a strong federal policy in favor of arbitration under the Federal Arbitration Act. Id.

Here, the contract refers to "any dispute in connection with this Agreement." Courts have interpreted this language broadly to include "every dispute between the parties having a significant relationship to the contract regardless of the label attached to the dispute." Prograph Int'l, Inc. v. Barhydt, 928 F. Supp. 983, 989 (N.D. Cal. 1996), citing J.J. Ryan & Sons, Inc. v. Rhone-Poulenc Textile, S.A., 863 F.2d 315, 321 (4th Cir. 1988).

The complaint alleges that the defendants are in breach of this contract because they have failed to make payments on time and because they violated the confidentiality agreement and misused some of the plaintiff's intellectual property. Disputes about payments owed under the contract or violations of the contract's confidentiality provisions would clearly be "in connection" with

the agreement. Therefore, the Court finds that the allegations in the complaint fall within the contract's arbitration provisions.

For these reasons, the Court grants the defendants' motion to compel arbitration.

## II. Defendants' motion for stay in proceedings

The Federal Arbitration Act states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

9 U.S.C. § 3; see also Intel Corp., v. Advanced Micro Devices, Inc., 12 F.3d 908, 914 (9th Cir. 1993); cf. Cal. Code Civ. P. § 1281.2(c) (allowing California courts to stay litigation pending arbitration, but also allowing courts to stay arbitration pending litigation).

Given the strong presumption in favor of arbitration in the federal courts and § 3 of the Federal Arbitration Act, the Court orders that the proceedings in this case be stayed pending the resolution of the arbitration proceedings. The Court, however, reserves the authority to hear requests for any relief that could not be granted by the arbitrator, including preliminary injunctive relief, during the arbitration proceedings.

///
///
///

## CONCLUSION

The Court GRANTS the defendants' motion to compel arbitration and for a stay in the proceedings. Because the Court has granted the defendants' motion, the Court does not address the defendants' motion to strike portions of the complaint.

IT IS SO ORDERED.

Dated: January 25, 1999

DEAN D. PREGERSON
United States District Judge